GENERAL COMMITTEE OF ADJUST-
MENT OF BROTHERHOOD OF LOCO-
MOTIVE ENGINEERS FOR MISSOURI–
K.–T. R. R. v. MISSOURI–K.–T. R. CO.
et al.

No. 10115.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1942.

Rehearing Denied Jan. 21, 1943.

J. W. Madden, Jr., of Dallas, Tex., and Clarence E. Weisell, of Cleveland, Ohio, for appellant.

Allen Wight, Lucian Touchstone, and T. D. Gresham, all of Dallas, Tex., and Harold C. Heiss, of Cleveland, Ohio, for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

SIBLEY, Circuit Judge.

The appellant, General Committee of Adjustment of the Brotherhood of Locomotive Engineers for the Missouri-Kansas-Texas Railroad, who will be referred to as the Engineers' Committee, is a body of men each of whom is chosen by a lodge of the Brotherhood of Locomotive Engineers on the named railroad to represent them in collective bargaining and the handling of grievances with the said railroad, and the Committee has for many years been the duly designated bargaining representative for the craft of engineers on that railroad. The Grievance Committee of the Brotherhood of Locomotive Firemen and Enginemen, hereafter referred to

as the Firemen's Committee, is a similar body set up by the lodges of the Brotherhood of Locomotive Firemen and Enginemen on said railroad, and has for many years been the duly designated representative for collective bargaining of the craft of firemen on that railroad. As the background of this controversy, the record shows that since 1918 the craft of engineers and the craft of firemen each has had a formal agreement concerning rules, rates of pay, and working condition with such railroad, which have severally been modified in some particulars by later agreements and interpretations. These formal agreements were made while what is known as the Chicago Joint Agreement between the Brotherhood of Locomotive Engineers and the Brotherhood of Locomotive Firemen and Enginemen was in effect. This joint agreement between the two unions, made in 1913, undertook to regulate relationships between themselves, including the transfer of firemen to engineer's work, and vice-versa, and contained provision for compulsory and final settlement of any disputes between the two unions. This joint agreement was cancelled by the Brotherhood of Locomotive Engineers in 1927, and there is now no union machinery for ending such a dispute between engineer's and firemen's crafts as exists here.

The dispute relates to the rules that shall apply in calling firemen, or engineers who have been demoted to firing, to take emergency runs as engineers, or to fill a vacancy in what is called a "pool" of engineers. The engineer's agreement of 1918, (Art. 38), asserted that the right to make and interpret contracts, rules, rates and working agreements for locomotive engineers shall be vested in the regularly constituted committees of the Brotherhood of Locomotive Engineers. The firemen's agreement (Art. 44) similarly asserted a like right as to firemen and hostlers in the Committees of the Brotherhood of Locomotive Firemen and Enginemen. Yet both agreements contain rules for the demotion of engineers to be firemen, and the promotion of firemen to be engineers, and for their return to their former work. The rules in the two agreements are consistent, indeed substantially identical. Certain interpretations or agreements, favored by the engineers, relative to calling firemen for emergency service as engineers were made in the course of years, which caused dissatisfaction to the firemen. They complained to the railroad, which at first took the position that the matter was for negotiation only with the engineers' representative, but the firemen threatened to strike, and the Mediation Board was called in under the provisions of the Railway Labor Act. 45 U.S.C.A. § 155. It invited the Engineers' Committee to enter the negotiation, but that Committee refused. An agreement was negotiated under the auspices of the Mediation Board, which was satisfactory to the firemen but not to the engineers. The railroad thereupon, under the procedure prescribed in 45 U.S.C.A. § 156, cancelled its previous contrary interpretations or agreements with the Engineers' Committee. The Engineers' Committee then filed in the district court this petition, as one arising under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., in which it claimed for itself, as the bargaining representative of the engineers, the exclusive right to bargain with the railroad on the subject matter in dispute, and that its right has been denied by making the mediated agreement with the Firemen's Committee which therefore is void; and there being a present definite controversy thereabout, a declaration to the just stated effect is prayed. The Firemen's Committee was made a party, and it defended the mediation agreement and prayed for a declaration that it was valid and binding on all parties to this cause, subject to a contention that the Court was without jurisdiction of the subject matter. The Railroad prayed a declaration of the rights of all parties, for their guidance.

There is an acute controversy over a rule of service on the railroad which may have daily application. The questions raised are to be determined by the Railway Labor Act, a law of the United States, which is also a law relating to commerce. Jurisdiction therefore exists under 28 U.S.C.A. § 41(8); and the remedy by declaratory judgment is applicable, and appropriate; 28 U.S.C.A. § 400. The prohibitions touching injunctions in labor disputes do not apply, for no injunction is sought. No one is objecting to the two Committee's appearing as entities, instead of by the names of the persons composing them. We will raise no point about it. See Rule 17, Rules of Civil Procedure, 28 U.S.C.A. following section 723c; United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500.

■ As has been stated, the original collective agreements of 1918 affirm a sole right of the Engineers' Committee to represent the engineers, and of the Firemen's Committee to represent the firemen. The Railway Labor Act, 45 U.S.C.A. § 152, Fourth, gives the right to a representative chosen by the majority of a craft or class to represent the whole, whether all are members of a union or not. The right of a representative so chosen is exclusive as against anyone else seeking to represent that craft or any part of it. Virginian Railway Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789. A dispute as to who shall vote in the selection is to be settled under Section 152, Ninth. No such dispute exists here. The disputes contemplated by the Act as to be settled or prevented by collective agreement are described generally in Sect. 151a (4) and Sect. 152, First, as those relating to rates of pay, rules, and working conditions. The present dispute is over a rule for calling firemen to emergency work as engineers. The settlement made, under mediation, with the representative of the craft of firemen was not participated in by the representative of the engineers, and the dispute remains unsettled, practically, as to the latter. The Engineers' Committee contends that the disputed rule relates only to engineers, and is within its exclusive authority to make an agreement. The Firemen's Committee contends that the firemen are at least equally affected, and that it has a right to agree for the firemen even though the engineers refuse to participate. The District Court, hearing the case without a jury, held with the firemen's contention.

■ The Railway Labor Act does not undertake to say what matters shall be considered the business of each particular craft. It does not define the crafts or classes of employees, and forbids any effect to be given classifications made for other purposes by the Interstate Commerce Commission; Section 151, Fifth. It does, however, say this: Sect. 152, Second: "All disputes between a carrier or carriers and its or their employees shall be considered, and, if possible, decided, with all expedition, in conference between representatives designated and authorized so to confer, respectively, by the carrier or carriers and by the employees thereof *interested in the dispute*." The statute thus recognizes, what is the practical truth, that no conference or agreement will end a dispute unless all who are really interested are represented. The most bitter and perhaps the most numerous industrial disputes have come to be those in which classes of employees dispute with their employer and one another over who has the right to control a particular matter; the so-called jurisdictional disputes. Regardless of who may be right or wrong, such a dispute can be settled justly only by a tri-partite agreement. This is true of the present dispute.

We need not enter into the details of the contested rule, which are a little complicated. It is clear that any rule which provides for the promotion or demotion from service as an engineer concerns engineers. It is equally clear that when the promotion involves the taking of a fireman from his craft to become an engineer, or the demotion makes the engineer to become a fireman with a superior seniority that may affect the seniority of all other firemen, the craft of firemen is concerned. Both crafts are interested in a rule for transfer of men from one to the other. This was recognized in the two original agreements of this railroad with its engineers and firemen, and consistent provisions are put into each. That consistency ought to be preserved in any further conference or agreement on the subject under the Act. The Mediation Board sought to bring in the Engineers' Committee. When that Committee refused to cooperate, the Board, perhaps thinking the Engineers' Committee might acquiesce or later agree, went ahead and proceeded to mediate an agreement with the Firemen's Committee alone. We cannot say the agreement thus reached violated any law and is void, but it is incomplete. The engineers are not bound by it, and the carrier is not protected against the discontent of the engineers, and the peace of transportation is not secured. The contending parties would now perhaps most wisely seek a new negotiation participated in by all. If no agreement can be had, the carrier will be left free to revoke all agreements on this subject as provided by the Act, Sect. 156, and may make its own rules.

■ We therefore think the Engineers' Committee is wrong in claiming that it has the exclusive right to confer and agree about the rule in contention, and in claiming that the agreement made with the Firemen is illegal as infringing an exclusive right. We think the Firemen's Committee is wrong in the contention that its agreement establishes a rule for the engi-

neers, or is perfect or complete. The petition, because of the cross-prayers, ought not to be dismissed, but the rights of the parties ought to be declared. We enter the declaratory decree which we think should have been entered as follows:

It is decreed and declared:

1. That the appellant Committee as the representative of the engineers has not the exclusive right under the Railway Labor Act to confer and agree about the rules for transferring employees from the craft of firemen to the craft of engineers, or vice versa; but the matter being the concern of both crafts, the representatives of both crafts are by the Act directed to confer and if possible agree.

2. The mediated agreement with the Firemen's Committee is not illegal and void, but it is incomplete as not binding the craft of engineers, and if not acquiesced in by the engineers, the employer can terminate it under the Act.

Let the costs of appeal be paid one-half by appellant and one-half by appellees. The costs of the District Court stand as fixed by that court.

Modified and affirmed.